IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01340-REB-NYW

SANDRA K. BACKUS,

     Plaintiff,

v.

UNIVERSITY OF COLORADO,

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

     This matter comes before the court on Defendant University of Colorado's (the "University" or "Defendant") Motion to Dismiss.  [#19, filed August 10, 2015].  This Motion was referred to the undersigned Magistrate Judge pursuant to the Order of Reference dated August 6, 2015 [#17] and memorandum dated August 10, 2015 [#20].   After carefully considering the Motion and related briefing, the entire case file, and the applicable case law, I respectfully RECOMMEND that Defendant's Motion to Dismiss be GRANTED IN PART and DENIED IN PART.

## BACKGROUND AND PROCEDURAL HISTORY

     Plaintiff Sandra K. Backus ("Plaintiff" or "Ms. Backus") initiated this lawsuit on June 23, 2015 by filing a fifty-page *pro se* Complaint asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII").  [#1]. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) [#3], which the court

granted on June 25, 2015.  [#4].  The Complaint seeks various injunctive relief, compensatory damages, and punitive damages.  [#1 at 50].

The court draws the following facts from Ms. Backus's Complaint, and accepts them as true for the purposes of considering this instant Motion to Dismiss.  Plaintiff is 67 years old, and is currently employed by the University as an Administrative Assistant III in the Office of Grants and Contracts located at the Anschutz Medical Campus.  [#1 at 1, 5, 8; #27 at 1].  On May 18, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") asserting age discrimination and retaliation, and received a Notice of Right to Sue on March 28, 2015.  [#1 at 2; #1-2 at 3].  Title VII is not included in her correspondence with the EEOC as a basis for discrimination.  [#1-2 at 1].  On page 2 of her Title VII Complaint filed in this action, Plaintiff selected "Other" with regard to Nature of the Case, and specified "pay, age, harassment, abuse."  [#1 at 2].  Plaintiff also selected as the complained-of discrimination, "failure to promote" and "other," and specified "unfair pay, harassment, abuse."  *Id.*  Plaintiff appears to claim that her work experience entitles her to earn more than $20.00 an hour, and that she is entitled to a raise and a promotion after working for the University for eight years and undertaking a greater workload during that time.  [#1 at 8, 11].  Plaintiff alleges that she is discriminated against because, due to the office's space demands, she is required to sit in the reception area and is the "only one that is not in an office."  [*Id.* at 21].  She further alleges that, despite her protests, she is now required to share a work space with a smoker, that her sinuses will be aggravated by the smell, and that this new person is "loud, mouthy, inconsiderate, and visits with others all of the time."  [*Id.* at 26].  Ms. Backus alleges that she has had to use her "sick days and vacation days to remove [herself] from the horrible conditions that [she] work[s] in."  [*Id.* at 23].  She asserts that she has not taken a vacation since

beginning her job, and that she has "to be there all of the time because my work makes [my supervisors] look good." *Id.* Plaintiff avers that she has "received horrible performance evaluations from 30 year old bosses," although she had never before received a bad performance evaluation. [*Id.* at 48]. Finally, Plaintiff asserts she has "put in 4 years of overtime and [has] only be[en] paid for one of those years, [and] isn't this considered to be retaliation?" [*Id.* at 19].

This court set a Scheduling Conference to be held September 11, 2015. [#12]. On August 10, 2015, Defendant filed the pending Motion to Dismiss. [#19]. On August 21, 2015, Plaintiff filed a Motion to Delay Proceedings. [#22]. On September 1, 2015, this court held a Status Conference, at which the undersigned stayed discovery in this matter pending resolution of the Motion to Dismiss and instructed Plaintiff to use a word processor or typewriter in composing any documents to be filed with the court. [#25]. In a separate Minute Order, this court vacated the Scheduling Conference, to be reset if necessary upon determination of the Motion to Dismiss. [#26]. Plaintiff filed a Response to the Motion to Dismiss on October 1, 2015 [#27], and Defendant filed a Reply on October 14, 2015. [#28]. The instant motion is ripe, and this court has determined that oral argument would not materially assist in its disposition.

## STANDARD OF REVIEW

### I.     Rule 12(b)(1)

While not raised by Defendant, the court first sets out the standard for subject matter jurisdiction. "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1240, 1244, 163

L.Ed.2d 1097 (2006)). Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co*., 495 F.2d 906, 909 (10th Cir. 1974) (emphasis added).

## II.     Rule 12(b)(6)

Defendant has moved to dismiss Ms. Backus's Complaint for failure to state a claim. [#19]. Because Ms. Backus is proceeding *in forma pauperis*, this court has an independent basis for dismissal under 28 U.S.C. § 1915(e)(2)(B). That statute provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> …
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of

the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Ms. Backus is appearing *pro se*, the court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a court may not assume that a plaintiff can prove facts that she has not alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) ("[Court's] role is not to act as [*pro se* litigant's] advocate"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues") (internal citation omitted).

**ANALYSIS**

I.     **Title VII**

Plaintiff filed a form Title VII Complaint [#1], and the University contends that it is entitled to dismissal because she fails to identify any cognizable basis for relief under Title VII. [#19 at 3].   Title VII prohibits discrimination against any individual "with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."   *Harris v. Forklift Sys, Inc.*, 510 U.S. 17, 21 (1993) (citing 42 U.S.C. § 2000e–2(a)(1)); *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir.2012); *James v. James*, --- F. Supp. 2d ----, 2015 WL 5321340, at *4 (D. Colo. Sept. 14, 2015).

Where the instances of the alleged discrimination are circumstantial, a plaintiff must prove a Title VII violation through the burden-shifting test articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).   Under this test, the claimant must establish a *prima facie* case of discrimination by demonstrating: (1) she belongs to a protected class; (2) she suffered adverse employment action; and (3) the adverse action occurred under circumstances giving rise to an inference of discrimination.   *See E.E.O.C. v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007).   *See also Barlow v. C.R. England, Inc.,* 703 F.3d 497, 505 (10th Cir. 2012) ("[P]laintiff's articulation of his prima facie case may vary depending on the nature of the claim," however, "[t]he critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination.").   Although Plaintiff does not have to establish a *prima facie* case of discrimination in her Complaint to survive the Motion to Dismiss, the court nonetheless looks to "the elements of each alleged cause of action to help determine whether Plaintiff has set forth a

6

plausible claim." *Khalik*, 671 F.3d at 1192.  General, formulaic, and conclusory assertions of discrimination are insufficient.  *Id.*

### A.      Subject Matter Jurisdiction

As an initial matter, it is unclear whether or not Ms. Backus is, in fact, proceeding under Title VII.  However, based on the allegations in the Complaint and its attachments, it appears that to the extent she is trying to assert a Title VII Complaint, she may not do so in this action. The Charge of Discrimination filed with the EEOC does not identify race, color, sex, religion or national origin as a basis for her Complaint.  [#1-2 at 3].  Instead, the only bases that are identified are retaliation and age.  [*Id.*]  Plaintiff's narrative included in the Charge of Discrimination also does not set forth any facts from which this court could conclude that Ms. Backus believes her alleged mistreatment by Defendant is based on race, color, sex, religion or national origin.  [*Id.* at 4].  Nor did the correspondence from the EEOC identify Title VII as a basis for her claim.  [*Id.* at 1].

Exhaustion of administrative remedies is a jurisdictional prerequisite to filing a suit under Title VII.  *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).  In reviewing Ms. Backus's original charge to the EEOC and her federal court complaint, it appears that in neither does she identify Title VII as a basis for her grievances.  Therefore, to the extent that Ms. Backus is now asserting claims for discrimination based on race, color, sex, religion or national origin, this court finds that it lacks subject matter jurisdiction over such claims because they have not been exhausted administratively, and therefore, RECOMMENDS dismissal of any Title VII claim on the basis of lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

7

**B.      Cognizable Claim**

For the sake of completeness, should the court determine that it has subject matter jurisdiction over a Title VII claim, this court also analyzes Plaintiff's Complaint under the Rule 12(b)(6) standard.  In the ninety-four pages that comprise Plaintiff's Complaint and attachments thereto, Plaintiff does not identify the protected group to which she belongs that entitles her to protection under Title VII. [#1].   Indeed, Ms. Backus does not specifically identify her race, color, religion, sex, or national origin.   [*Id.*]  While this court notes that Ms. Backus is female, she does not allege to have suffered discrimination based on her sex.  [*Id.*]  On this basis alone, Plaintiff fails to state a cognizable claim for Title VII discrimination.

Furthermore, even assuming (without deciding) that Plaintiff avers sufficient facts to state an adverse action,[1] she fails to allege facts, taken as true, that permit the factfinder to draw a causal connection between any protected status and the adverse action that she alleges occurred: unequal pay and failure to promote.  To establish a *prima facie* case for failure to promote, Plaintiff must demonstrate: "(1) she was a member of a protected class; (2) she applied for and was qualified for the position; (3) despite being qualified she was rejected; and (4) after she was rejected, the position was filled by someone outside the protected class." *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1278 (10th Cir. 2005) (citation omitted).  Plaintiff merely alleges that she should have been promoted when her supervisors were promoted: "I have worked with Christine and Adelita in Contracts for at least the past 6 years. They got the

---

[1] Plaintiff asserted in her charge of discrimination that she has "been subjected to different terms and conditions of employment, given lower wages and unfair benefits, been denied promotions, and been harassed while working for [Defendant]."  [#1-2 at 3].  To state a cognizable adverse action, Plaintiff must show an "objective demotion," or tangible change, such as a decrease in pay or a material change in duties; something beyond "a mere inconvenience or alteration of job responsibilities."  *See James*, 2015 WL 5321340, at *8-9.  Purely subjective injuries, such as job dissatisfaction, do not constitute "adverse actions."  *Id.* at 8.  The court assumes, without deciding, that Plaintiff avers a sufficient adverse action.

promotions, increase in salary and big offices and I didn't anything but a slap in the face." [*Id.* at 27]. As noted above, Plaintiff does not identify the protected class to which she belongs; however, in any event, these two supervisors are also female. She identifies no specific position to which she applied, that she was qualified for that position, or whether the position was ultimately filled by someone outside of her protected class. Even construing the allegations in a light most favorable to the pleading party, I find that Plaintiff has not stated a cognizable claim under Title VII.

Therefore, I respectfully RECOMMEND dismissing any Title VII claim for lack of subject matter jurisdiction, or in the alternative, for failure to state a cognizable claim.

## II.    Age Discrimination in Employment Act

Ms. Backus asserts in her Complaint that she suffered discrimination as a result of her age. [#1 at 2, 48]. She alleges: "[t]hey don't want to give me promotions, great performance evaluations or outstanding merit increases because of my age. Instead, they are trying to get me to quit because I am at <u>the retirement age</u>!!" [#1 at 13 (emphasis in original)]; "I have asked my boss and H.R. to change my classification to exempt and to be placed under the University instead of the state but they won't do it because of my age," [*id.* at 15]; and "I bet [the new administrative person in the Contracts Group] will be in her 30s just like the rest of the group and I'll bet she'll make more than $20 an hour." [*Id.*] While she only expressly invokes Title VII, this court will liberally construe her Complaint as asserting a claim under the Age Discrimination in Employment Act ("ADEA"). This interpretation is consistent with Ms. Backus's EEOC Charge of Discrimination. [#1-2].

### A.      Subject Matter Jurisdiction

The University contends it is immune from suit under the Eleventh Amendment.  [#19 at 4-5].  While the proper vehicle to assert immunity from suit is pursuant to Rule 12(b)(1) rather than Rule 12(b)(6), this court agrees that the University is entitled to Eleventh Amendment immunity as to the ADEA claim.  *See Kimel v. Fla. Bd. Of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) ("[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals.");  *Migneault v. Peck,* 204 F.3d 1003, 1004 (10th Cir. 2000) (noting that *Kimel* required the Court to vacate prior Tenth Circuit precedent holding that the ADEA did abrogate the states' immunity).  This immunity from suit applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages.  *See Smith v. Kansas*, 574 F. Supp. 2d 1217, 1220 (D. Kan. 2008).  Plaintiff sues only the University, and there is no indication in the record before the court that the University has waived its sovereign immunity as to any ADEA claim.  Therefore, this court lacks subject matter jurisdiction over Plaintiff's ADEA claim against Defendant, based on Defendant's invocation of Eleventh Amendment immunity.

### B.      Cognizable Claim

Even if this court were to find subject matter jurisdiction over Ms. Backus's claim arising under the ADEA, this court concludes that the facts as alleged in the Complaint are insufficient to state a cognizable claim.  Under the ADEA it is unlawful for any employer to refuse to hire, fire, or otherwise discriminate against an individual with respect to the compensation, terms, conditions, or privileges of her employment because of such individual's age.  29 U.S.C. § 623(a)(1).  Absent direct evidence, courts within the Tenth Circuit generally consider disparate-treatment claims, such as those for age discrimination, within the framework of *McDonnell*

*Douglas*, 411 U.S. at 802–05. *Hawkins v. Schwan's Home Service, Inc.*, 778 F.3d 877, 883 (10th Cir. 2015) (citing *Davidson v. Am. Online, Inc.,* 337 F.3d 1179, 1189 (10th Cir. 2003).[2]

This court again considers whether Plaintiff has set forth a *prima facie* case of age discrimination in evaluating whether she has stated a cognizable claim under the ADEA. *MacKenzie*, 414 F.3d at 1277 (citation omitted). At a minimum, Plaintiff must establish that (1) she was a member of a protected class, (2) she suffered an adverse action, and (3) she was treated differently than similarly-situated non-protected employees for the same or similar conduct. *Id.* Individuals are considered "similarly-situated" when they (1) dealt with the same supervisor; (2) were subjected to the same work standards; and (3) engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Id.* (citation omitted). "Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the action. If the defendant does so, the plaintiff must show the defendant's proffered reasons are pretextual." *Sanchez v. Denver Pub. Sch.,* 164 F.3d 527, 531 (10th Cir. 1998).

Based on the allegations in the Complaint, Plaintiff was over 40 at all times relevant to her allegations. For the reasons stated above, it is unclear whether Plaintiff has suffered an adverse employment action based on age alone; indeed, Ms. Backus alleges that she never received a corrective action before she complained to the EEOC [#1 at 19], and the corrective action that resulted from her EEOC Complaint appears to have required her to request time off at least two weeks in advance [#1 at 15]. *See also, supra*, n.1. Assuming without deciding that Ms.

---

[2] Notwithstanding Justice Thomas's comment in *Gross* that "the Court has not definitively decided whether the evidentiary framework of [*McDonnell Douglas*] utilized in Title VII cases is appropriate in the ADEA context (*Gross*, 557 U.S. at 175 n.2), the Tenth Circuit has reaffirmed its application of *McDonnell Douglas* to discrimination cases under the ADEA. *See Jones v. Oklahoma City Pub. Schs*, 617 F.3d at 1278.

Backus alleges sufficient facts to satisfy the second prong of the *prima facie* case, I do not find that her allegations, as articulated, demonstrate a causal relationship between her age and any adverse action, *e.g.*, that similarly-situated, younger employees received more favorable treatment. *See Jones v. Oklahoma City Pub. Schs*, 617 F.3d at 1277. An employer may not be held liable under the ADEA unless she establishes that age is the factor that made the difference in the employer's action.

Despite the fact that Ms. Backus identifies a wide variety of grievances with her employers, such as only she is required to seek approval for leave two weeks in advance, only she is required to work in an open space without a door, she has been prevented from taking a vacation, and she has been paid unfairly [#1 at 15, 21, 26, 27], she does so without providing sufficient factual support for the causal requirement under the ADEA. Plaintiff does not allege that the other people who purportedly enjoy greater benefits are similarly-situated and outside her protected age class, or that her "age was the factor that made a difference." *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010). Ms. Backus's assertions that "others in the office can ask for time off in the same day," [#1 at 15]; "[t]he management staff is young and very inexperienced," [*id.* at 12] and that "they are trying to get me to quit because I am at <u>the retirement age</u>" !! [*id.* at 13], without more, are too generalized to support a cognizable claim.

In her Complaint, she states, "Please check out the pay etc. of Lynne Wells – assistant to the Director, and Paula McGuigan – assistant to the Vice Chancellor of Research." [#1 at 7]. She also states, "you can also check out my sisters and daughters wages etc.," referring to family members who purportedly work in the Colorado court system. *Id.* But Ms. Backus avers no facts that allow this court to ascertain how Ms. Wells or Ms. McGuigan are relevant. For instance, she does not indicate either Ms. Wells or Ms. McGuigan is an individual under 40 who

is in an equivalent position who is paid more than Ms. Backus.  In addition, the amount Ms. Backus's sisters or daughter are paid in a different place of business is not relevant to whether Ms. Backus is subject to age discrimination in her current job.  Furthermore, in her Response, Plaintiff asserts, "George Johnston, 70 years of age, does not have to tolerate the abuse and harassment on a daily basis like I do.  As a matter of fact, he was promoted to the next level last year.  He doesn't have to provide the workload to 5 attorneys."  [#27 at 4].  These allegations suggest that age is not the "factor that made the difference" for Ms. Backus's purported mistreatment, given the fact that Mr. Johnston is older than Plaintiff.  While the court will liberally construe a *pro se* litigant's filing and accept as true all well-pleaded factual allegations, Plaintiff—not the court—is responsible for crafting a complaint with sufficient factual matter to suggest she is entitled to relief.  *Robbins*, 519 F.3d at 1247.  Her failure to aver specific allegations, rather than relying upon generalities and assumptions, is fatal to her claim.

Accordingly, I respectfully RECOMMEND dismissing any ADEA claim fairly encompassed by Plaintiff's Complaint, either because this court lacks subject matter jurisdiction or because Ms. Backus has failed to aver sufficient facts in her Complaint to state a cognizable claim.

## III.   Retaliation

Plaintiff asserted in the charge of discrimination that Defendant retaliated against her. [#1-2 at 3].  For support, Plaintiff alleges that a corrective action was entered against her on June 10, 2014, after she filed the charge of discrimination referred to herein.  [#1 at 19; #27 at 2].  She alleges that her former boss was under consideration for a director position with the University when Plaintiff filed the discrimination charge.  [#1 at 19].  Plaintiff alleges the corrective action was entered after her former boss was not chosen for the director position, and that her former

boss believed the discrimination charge prevented her from being selected.  [*Id.*]  Defendant does not separately discuss the retaliation claim in its Motion to Dismiss, but rather simply argues that "Backus fails to plead any legally cognizable claims under Title VII because nowhere in those 50 pages does she identify discrimination or *retaliation based on a specific protected class.*"  [#19 at 4 (emphasis added).].  This court agrees that Ms. Backus may not proceed on her claim for retaliation, but for a different reason.

The ADEA prohibits discriminating against a person who has "opposed any act made unlawful" by the Act. *See Hinds v Sprint/United Mgm't Co.*, 523 F.3d 1187, 1201 (10th Cir. 2008).  But as discussed above, the University has not waived its sovereign immunity to be sued under the ADEA.  Therefore, it follows that all claims brought under the ADEA, including one for retaliation pursuant to 28 U.S.C. § 623(d), also cannot lie against the University.

In addition, to the extent that Ms. Backus attempts to associate her retaliation claim to any Title VII claim, this court lacks jurisdiction over such a retaliation claim (*i.e.*, opposing an unlawful act based on race, color, religion, sex, or national origin) because (1) no such claim for retaliation has been exhausted, and (2) it would be improper for the court to exercise ancillary jurisdiction over such a claim where the main claim is not properly before the court.  *See Jones v. Runyon*, 91 F.3d at 1402.

## IV.    Attorney's Fees

The University moves for an award of attorney's fees on the basis that Plaintiff's Title VII Complaint is frivolous.  [#19 at 5].  A district court may exercise discretion in awarding attorney's fees to a prevailing defendant in a Title VII proceeding upon finding that the plaintiff's action was "frivolous, unreasonable, or without foundation."  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).  Where the action is brought by a *pro se* litigant, the court

14

should apply these limitations "with special force." *Houston v. Norton*, 215 F.3d 1172, 1174-75 (10th Cir. 2000) (quoting *Hughes v. Rowe,* 449 U.S. 5, 14–16, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)).   Indeed, "[f]aithful adherence to the principles of *Haines v. Kerner*[3]…dictates that attorney's fees should rarely be awarded against such plaintiffs."   The *Hughes* court further cautioned, "[t]he fact that a [*pro se* litigant's] complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees."   449 U.S. at 14-15.

In reviewing Defendant's request for fees, I consider Ms. Backus's ability to recognize the objective merit of her claims.   *See Houston*, 215 F.3d at 1175.   Although I agree with Defendant that Plaintiff does not allege membership in a protected class as recognized under Title VII, I find that she could have reasonably confused her age as qualifying her for protection under that statute or simply used the incorrect form.   Furthermore, she consistently specified age and retaliation in the EEOC Charge of Discrimination [#1-2] and Complaint [#1], indicating a commitment to the theory under which she believed her rights had been violated, rather than vacillating between different theories (which might indicate vexatious litigation or an attempt to harass or embarrass the University).   I therefore find that Defendant's request for its attorney's fees is unwarranted based on the record before the court.

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that:

(1)     The Motion to Dismiss filed by Defendant University of Colorado [#19] be **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[3] 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(a) **GRANTED** as to Plaintiff's claims for discrimination under Title VII and the ADEA and retaliation for lack of subject matter jurisdiction, or in the alternative, to the Title VII and ADEA discrimination claims for failure to state a cognizable claims; and

(b) **DENIED** as to Defendant's request for attorney fees.[4]

DATED: December 14, 2015                    BY THE COURT:


                                            s/Nina Y. Wang
                                            United States Magistrate Judge

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).