**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-01340-REB-NYW

SANDRA K. BACKUS,

    Plaintiff,

v.

UNIVERSITY OF COLORADO,

    Defendant.

**ORDER OVERRULING OBJECTIONS AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matters before me are (1) the **Motion To Dismiss** [#19][1] filed August 10, 2015; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#29], filed December 14, 2015.  The plaintiff filed objections [#32] to the recommendation.  In her objections [#32], the plaintiff, who is acting *pro se*, asks for additional time to find an attorney to represent her.  I overrule the objections and approve and adopt the recommendation.  As recommended by the magistrate judge, I grant the motion to dismiss in part and deny it in part.

    The plaintiff is proceeding *pro se*.  Thus, I have construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  ***See Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, objections, and applicable case law, as well as the arguments raised and authorities cited by the parties.

The plaintiff, Sandra Backus, is an employee of the University of Colorado and works as an Administrative Assistant III. In her 50 page complaint [#1] she asserts a variety of claims related to her employment. Appropriately, the magistrate judge has given a liberal interpretation to the allegations of Ms. Backus and has assessed each of the claims which the complaint reasonably can and may be read to assert. In summary, the magistrate judge has considered possible claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e - 2000e, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 - 634, and an ADEA retaliation claim.

In a thorough and detailed recommendation [#29], the magistrate judge analyzes every issue raised in the motion to dismiss and the related allegations of the complaint [#1]. As to each type of claim, the magistrate judge details why this court lacks subject matter jurisdiction over the claim. Looking past the issue of subject matter jurisdiction, as to each type of claim, the magistrate judge analyzes why the allegations in the complaint are not sufficient to state a claim on which relief can be granted. On these points, the magistrate judge recommends that the motion to dismiss be granted. The magistrate judge recommends that the motion to dismiss be denied only to the extent

the defendant seeks an award of attorney fees. Based on my de novo review, I concur with the analysis and conclusions detailed by the magistrate judge. Thus, I overrule the objections and approve and adopt the recommendation.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#29], filed December 14, 2015, is approved and adopted as an order of this court;

2. That the objections [#32] of the plaintiff are overruled;

3. That the **Motion To Dismiss** [#19] filed August 10, 2015, is granted in part;

4. That under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), each claim asserted in the complaint [#1] is dismissed, including all claims under Title VII, the ADEA, and any ADEA retaliation claim;

5. That to the extent the defendant seeks an award of attorney fees in the **Motion To Dismiss** [#19] filed August 10, 2015, the motion is denied;

6. That judgment shall enter in favor of the defendant and against the plaintiff;

7. That defendant is awarded its costs to be taxed by the clerk of the court in the time and manner prescribed in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

8. That this case is closed.

Dated March 17, 2016, at Denver, Colorado.

                                **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge